IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *for the use and benefit of* AGS CONTRACTING, LLC, | : : : : |
| Plaintiff, | : : |
| v. | :  CASE NO.: 7:20-CV-00255 (WLS) |
| OUTSIDE THE BOX, LLC a/k/a OUTSIDE THE BOX VA, LLC, and HUDSON INSURANCE COMPANY, | : : : : : |
| Defendants. | : |

**ORDER**

Presently before the Court is Defendants' "Motion to Join a Necessary Party," which was filed on June 14, 2022. (Doc. 37.) Therein, Defendants request that this Court join "Frankenmuth Mutual Insurance Company of Frankenmuth, Michigan" (hereinafter referred to as "Frankenmuth") pursuant to Federal Rules of Civil Procedure 15 and 19. For the reasons that follow, Defendants' Motion for Joinder is **DENIED**.

**RELEVANT PROCEDURAL HISTORY**

The present action concerns claims and disputes arising from a contract to build and maintain roads in the Great Dismal Swamp, a national wildlife refuge that is located in, and spans, North Carolina and Virginia. On June 26, 2020, Plaintiff filed their complaint against Defendants alleging four causes of action. (Doc. 1.) Defendants filed their answer and counterclaim on February 16, 2021. (Doc. 23.) Defendant's counterclaim was limited to a single claim against Plaintiff for anticipatory repudiation. (*Id.*, at ¶ 118-123.)

On February 18, 2021, this Court issued its "Scheduling/Discovery Order." (Doc. 24.) Pursuant to that Order, the deadline to file a motion to join another party or amend pleadings was Wednesday, July 28, 2021. (*Id.*) Defendants filed the present Motion for Joinder (Doc. 37) on June 14, 2022. Plaintiff filed a Response in opposition to Defendant's Motion on June 22,

1

2022. (Doc. 42.) Defendants filed their reply brief on June 28, 2022. (Doc. 44.) Accordingly, briefing has now concluded, and Defendants' Motion (Doc. 37) is ripe for disposition.

## DISCUSSION

Pursuant to this Court's "Scheduling/Discovery Order" the deadline to file a motion to join another party or amend pleadings was Wednesday, July 28, 2021. (Doc. 24.) Despite this, Defendants moved to join Frankenmuth to the present action on June 14, 2022, pursuant to Federal Rules of Civil Procedure 15 and 19. (Doc. 37.) The reason that Defendants moved to join Frankenmuth, ten (10) months and seventeen (17) days after the deadline to file a joinder motion had elapsed, is that Defense Counsel did not discover until recently that Plaintiff is insolvent and therefore unlikely to be able to pay any settlement awarded if Defendants were to prevail on their counterclaim. (Doc. 44 at 2.)

The reason that Defendants did not discover that Plaintiff is insolvent earlier is that Defense Counsel did not inquire into the financial resources of the Plaintiff. (Doc. 44.) Defense Counsel did not inquire into the financial resources of the Plaintiff because, it is their position that Fed. R. Civ. P. 26(b)(1) forecloses the ability to request such information absent a finding by this Court that the requested financial information is calculated to lead to the discovery of admissible evidence that is relevant to a statutory or contractual claim.[1] (Doc. 44 at 3.) Accordingly, Defendants argue that joinder is necessary at this late hour, to ensure that Defendants can receive full and adequate relief from this lawsuit. (Doc. 37 at 2.) Defendants rely upon Fed. R. Civ. P. 15 & 19 to support their "Motion to Join a Necessary Party." (Doc. 37.)

---

[1] The Court notes for the purposes of the record that Defendant does not cite any authority that Fed. R. Civ. P. 26(b)(1) forecloses the ability to inquire into the financial status of the opposing party. Defendant simply states that "[i]n order to request financial information in a Federal case in discovery, the Court must find that the requested information is calculated to lead to the discovery of admissible evidence that is relevant to a statutory or contractual claim." (Doc. 44 at 3.) This Court does not agree. While Defendant is technically correct that financial information enjoys some protections and most courts require a clear and compelling showing to justify disclosure, the protection afforded financial information does preclude Defendants from inquiring into whether an opposing party is insolvent. Fed. R. Civ. P. 26(b)(1) simply permits a party that does not wish to disclose financial information to oppose its discovery. In the present case, Plaintiff volunteered the fact that it is insolvent. (Doc. 44 at 2.) Therefore, it is unlikely that Plaintiff would have opposed the discovery of this fact. In any case, it was for Defendant to move for disclosure.

2

## I. Defendants' Motion to Amend pursuant to Fed. R. Civ. P. 15 is DENIED as Defendants cannot establish that they were Diligent

In the United States Court of Appeals for the Eleventh Circuit, when the deadline set out in a trial court's scheduling order expires prior to the filing of a motion to amend, the movant must first demonstrate good cause under Fed. R. Civ. P. 16(b) before the Court may consider the amendment's propriety under Fed. R. Civ. P. 15(a). *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Wolf Designs, Inc. v. DHR & Co., Collectives, Inc.*, 231 F.R.D. 430, 436 (N.D. GA 2005.) This is because if a Court were to consider only Fed. R. Civ. P. 15(a) without regard for Fed. R. Civ. P. 16(b), it "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. The good cause standard of Fed. R. Civ. P. 16(b) precludes modification unless the schedule cannot be "met despite the diligence of the party seeking the extension." *Id.*, at 1418. "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1278 (M.D. Fla. 2002).

In assessing whether a party was diligent, in its efforts to comply with a court's scheduling order, trial courts have been directed to assess three factors. *Sosa*, 133 F.3d at 1418. First, the court should consider whether party failed to ascertain certain facts before filing suit and whether the party took steps to acquire this information during the discovery period. *Id.* Second, the court should consider when the information supporting the proposed amendment became available to the party. *Id.* Finally, the Court should consider the length of the delay between when the party acquired the information and requested an amendment. *Id.*

In the present case, all three factors weigh against a finding of diligence on the part of the Defendants in filing the present Motion for Joinder. (Doc. 37.) By Defendants' own admission, Frankenmuth has been aware of the alleged default by Plaintiff since at least June 28, 2019. (Doc. 37 & 44.) Accordingly, Defendants knew, or should have known, that Frankenmuth was a potential party to this action before Plaintiff filed suit. Despite knowing that Frankenmuth was a potential party, from the commencement of this action, Defendants missed the deadline to file a motion to join a necessary party by ten (10) months and seventeen (17) days. (Doc. 37.) Furthermore, to the extent Defendants rely upon the fact that they only

3

recently learned that Plaintiff is insolvent, Defendants' failure to inquire into Plaintiff's financial resources is not an excuse, because Plaintiff's insolvency was within the scope of discovery as contemplated by Fed. R. Civ. P. 26(b)(1). Accordingly, as Defendants displayed a lack of diligence, good cause does not exist to join Frankenmuth to this action at this time. Accordingly, Defendants' Motion for Joinder (Doc. 37) pursuant to Fed. R. Civ. P. 15 is **DENIED**.

**II. Defendants' Motion to Join a Necessary Party Pursuant to Fed. R. Civ. P. 19 is DENIED as Defendants have not established that Frankenmuth is an indispensable party**.

Defendants next contend that joinder is required pursuant to Fed. R. Civ. P. 19(a) as Frankenmuth is an indispensable party. (Docs. 37 & 44.) This Court does not agree. The United States Court of Appeals for the Eleventh Circuit employs a two-part test for determining whether a party should be joined pursuant to Fed. R. Civ. P. 19. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). The Court need only proceed to step two if the Court can answer the threshold question yes, and if the required party cannot be joined. *City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990).

Accordingly, the first step in this Court's analysis is whether Frankenmuth is a party who should be joined, if feasible, pursuant to Fed. R. Civ. P. 19(a). Fed. R. Civ. P. 19(a) provides in relevant part:

> (a) Persons to be Joined if Feasible.
> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

4

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In analyzing whether a party is indispensable, "pragmatic concerns, especially the effect on the parties and the litigation," should control. *Challenge,* 669 F.2d at 669 (quoting *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980)); *See also Provident Trademens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1967).

In the present case, Frankenmuth is not an indispensable party who should be joined if feasible, as Defendants contend. Frankenmuth is not an indispensable party, because both Fed. R. Civ. P. 19(a) factors weigh against a finding of necessity.[2] The first Fed. R. Civ. P. 19(a) factor weighs against a finding of necessity as this Court may afford complete relief amongst the existing parties to the present action. The present action concerns claims and disputes arising from an alleged breach of contract to build and maintain roads in the Great Dismal Swamp. The only Parties who are subject to the subcontract at issue – and therefore have an interest in the present action – are Defendants and Plaintiff, both of whom are before the Court. Accordingly, Frankenmuth is not a necessary party to the adjudication of Plaintiff's claims and Defendants' crossclaim of anticipatory repudiation, as Frankenmuth's presence is not required to afford the Parties complete relief. (Doc. 23 at 16.)

Furthermore, failure to join Frankenmuth to the present action will not prejudice Frankenmuth or leave the present Parties liable for competing judgments. Frankenmuth will not be prejudiced, because they have no interest in the present case, and under the principles of *res judicata* and collateral estoppel shall not be legally bound to this judgment. *Challenge*, 669

---

[2] The Court notes for the purposes of the record that Defendants contend that there are three categories of 'required' parties pursuant to Fed. R. Civ. P. 19(a)(1). (Doc. 44 at 4.) However, as Frankenmuth has not claimed "an interest relating to the subject of the action" – as Defendants acknowledge is required – the Court need not analyze the second and third categories of required Parties. Fed. R. Civ. P. 19(a)(1)(B).

F.2d at 669 (citing *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981). Furthermore, the present Parties will not be held liable for competing judgments by failure to join Frankenmuth to the present action. The present Parties will not be liable for competing judgments as no party has alleged that they owe a duty or are liable to Frankenmuth. (Docs. 37, 42, 44.) *Id.*

As Defendants have failed to establish that Frankenmuth is an indispensable party, Defendants Motion for Joinder (Doc. 37) pursuant to Fed. R. Civ. P. 19 is **DENIED**.

## CONCLUSION

In conclusion, as good cause does not exist that excuses Defendants failure to abide by this Court's Scheduling Order (Doc. 23) and Frankenmuth is not an indispensable party, Defendants' Motion for Joinder (Doc. 37) is **DENIED**.

**SO ORDERED**, this 1st day of July 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**